UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CECELIA FRUSHER on behalf of
RICHARD FRUSHER (deceased),
    Plaintiff,

v.                                                                                    C.A. No. 08-271-ML

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on the request of Cecelia Frusher ("Plaintiff"), on behalf of her husband Richard Frusher ("Claimant"), now deceased, for judicial review of the Commissioner of Social Security's (the "Commissioner") decision. Magistrate Judge Martin issued the Report and Recommendation on September 25, 2009, concluding that the Commissioner's decision is supported by substantial evidence in the record.

Having reviewed the Report and Recommendation and Plaintiff's objections, the Court finds that the Magistrate Judge's detailed factual findings and legal conclusions are fully supported by the record and relevant legal precedent. The Court further finds no merit in Plaintiff's objections. Accordingly, the Court adopts the Report and Recommendation in its entirety. Plaintiff's Motion to Reverse is DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner is GRANTED.

## I. JURISDICTION

As a general rule, administrative actions, including the denial of a request to reopen an application for disability benefits, are not ordinarily reviewable in federal court. 20 C.F.R.

1

404.903; Califano v. Sanders, 430 U.S. 99, 107-09 (1977). An exception exists, however, where the claimant presents a colorable constitutional claim. Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005). "To be colorable ... the alleged violation need not be substantial, but the claim must have some possible validity." Mehilli, 433 F.3d at 93-94 (quoting Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001)). As the Magistrate Judge correctly observed, Defendant concedes that "there is enough evidence to establish a colorable constitutional claim." Def. Mem. at 6. Accordingly, this Court concludes that it has jurisdiction over the case.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(b)(3), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A Plaintiff must identify specific factual findings or recommendations to which objections are being made. Velez-Padro v. Thermo King de P.R., Inc., 465 F.3d 31, 32 (1st Cir. 2006). "Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)." Id. Where the magistrate judge's disposition is properly objected to, the proper standard of review is *de novo*, but where the Plaintiff either fails to object or provides an insufficient conclusory objection, this Court need only review the Report and Recommendation for clear error. Espada-Santiago v. Hosp. Episcopal San Lucas, Civil No. 07-2221, 2009 U.S. Dist. LEXIS 19840, *3-4 (D.P.R. Mar. 11, 2009). Here, Plaintiff has lodged substantive objections to Magistrate Judge Martin's Report and Recommendation. This Court, therefore, conducts a *de novo* review of each objection.

### III. ANALYSIS

The Court reviews each objection under the substantial evidence standard. Gonzalez Ruiz v. Comm'r of Soc. Sec., 286 F. Supp. 2d 121, 123 (D.P.R. 2003). Under this standard, the Court's review is limited. Brown v. Apfel, 71 F. Supp. 2d 28, 30 (D.R.I. 1999). While questions of law are reviewed *de novo*, findings of fact that are supported by substantial evidence in the administrative record shall be conclusive. Id. (citing 42 U.S.C. § 405(g)(1994)). The Court must "keep in mind that 'issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary.'" Rodriguez v. Sec'y of HHS, 647 F. 2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F. 2d 494, 496 (1st Cir. 1965)).

Essentially, Plaintiff lodges three discrete objections to the Report and Recommendation, only one of which requires discussion by this Court. Plaintiff argues that the Magistrate Judge erred in finding (1) that Claimant did not meet the requirements of the "good cause" exception; (2) that no Procedural Due Process violation occurred because Claimant did not lack mental capacity to understand specific notices; and (3) that no Procedural Due Process violation occurred due to a deficient notice because Plaintiff failed to show that Claimant detrimentally relied on such notice in deciding whether to seek administrative review. Plaintiff's Mem. at 2. With regard to Plaintiff's first two objections, the Court finds the Magistrate Judge's factual findings fully supported by the record and his legal conclusions in keeping with relevant circuit precedent.

Plaintiff's third objection merits some discussion. Essentially, Plaintiff argues that Claimant had a right to "receive adequate notice about the consequences of not pursuing his

administrative remedies." Plaintiff's Mem. at 11. She further argues that the absence of such notice violated Claimant's right to Procedural Due Process. Id. A Procedural Due Process challenge requires a twofold analysis - "First, the court must determine whether a life, liberty, or property interest is at stake. If the answer to the first question is 'yes,' the court must go on to decide what process is due." Butland v. Bowen, 673 F. Supp. 638, 640 (D. Mass. 1987). The first issue, therefore, is whether Claimant had a property interest in his applications for DIB.

While it is well settled law that disability benefits are protected property interests and may not be terminated without due process of law, see Atkins v. Parker, 472 U.S. 115, 128 (1985), the Supreme Court has not "resolved the specific question of whether applicants for benefits, who have not yet been adjudicated as entitled to them, posses a property interest in those benefits." Cushman v. Shinseki, 576 F.3d 1290, 1296 (Fed. Cir. 2009). Similarly, the First Circuit has not had occasion to decide whether applicants for disability benefits possess a property interest in those benefits. This Court need not decide this matter of first impression. Rather, it can assume, as the Magistrate Judge did, that Claimant did indeed have a property interest in his claim for disability benefits.

The second prong of the Procedural Due Process analysis requires the Court to determine what "process is due." Butland, 673 F. Supp. at 640. This inquiry requires the general consideration of three factors –

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

4

Plaintiff argues that the Magistrate Judge erred by requiring her to establish that Claimant failed to request review *because* of the defective notice. Plaintiff's Mem. at 11. Plaintiff relies on Gonzalez v. Sullivan, 914 F. 2d 1197, 1203 (9th Cir. 1990), for the principle that "a court should *presume* that a claimant relied on a defective notice." Plaintiff's Mem. at 11 (emphasis added). While the Gonzalez decision does not explicitly create such a presumption, district courts within the Ninth Circuit have declined to require a causal connection between receipt of a defective notice and failure to request review. See Hill v. Callahan, 962 F. Supp. 1341, 1346 (D. Or. 1997)

The First Circuit has not followed suit. See Gilbert v. Sullivan, Civil No. 93-2309, 1995 U.S. App. LEXIS 4373, at *8 (1st Cir. Mar. 6, 1995). Instead, the First Circuit Court of Appeals held that "notice of the type involved in Gonzalez *may* justify reopening of a claimant's application, provided that the claimant shows that he 'detrimentally relied on [the] inadequate notice.'" Stewart v. Barnhart, 402 F. Supp. 2d 355, 362 (D. Mass. 2005) (quoting Gilbert, 1995 U.S. App. LEXIS at *8)(emphasis added)). Therefore, to succeed on the merits of her constitutional claim, Plaintiff must have established that Claimant "relied on the flawed notice." Gilbert, 1995 U.S. App. LEXIS at *9; see also Freese v. Astrue, Docket No. 07-1-P-S, 2007 U.S. Dist. LEXIS 68021, *32-33 (D. Me. Sept. 12, 2007) ("All the Circuit Courts considering the Social Security determination notice issue, with the exception of the Ninth Circuit, require a causal connection...").

The success of Plaintiff's third objection hinges on whether Plaintiff established that Claimant relied on the flawed notice in making the decision not to seek administrative review of the denial of his applications. During the course of the administrative hearing before the ALJ,

5

Plaintiff put forth no evidence of Claimant's detrimental reliance on the defective notice. In fact, the only time Plaintiff's counsel even mentioned the issue of deficient notice was in closing argument, when Plaintiff's counsel characterized the notice issue as "just frosting on the cake." (R. at 279). Further, as the Magistrate Judge correctly observed, Plaintiff testified on cross-examination that Claimant's failure to request review was due to his mental illness; she did not claim that Claimant's failure to request review was caused even in part by the defective notice. (R. at 272).

In short, Plaintiff offered no evidence that Claimant detrimentally relied on the defective notice. The Court, therefore, finds that Plaintiff failed to establish the necessary requirement of causation. Accordingly, the ALJ and Magistrate Judge were correct in concluding that Plaintiff failed to establish that Claimant's Procedural Due Process rights were violated.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts the Report and Recommendation in its entirety. Plaintiff's Motion to Reverse is DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner is GRANTED.


SO ORDERED.

_/s/ Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
December 4, 2009